**SEWELL PLASTICS, INC., Plaintiff,**

v.

**The COCA–COLA COMPANY (doing business through its division, Coca–Cola USA), et al., Defendants.**

**No. C–C–86–363–M.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 1, 1988.

William L. Rikard, Jr. and I. Faison Hicks, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., Peter Aron, Alan T. Gallanty and Nancy Prahofer, Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiff.

Jonathan M. Jacobson, Carolyn T. Ellis and Michael Davies, Coudert Brothers, New York City, E. Osborne Ayscue, Jr. and

Norvin K. Dickerson, III, Smith, Helms, Mulliss & Moore, Ned A. Stiles, Golding, Crews, Meekins & Gordon, Charlotte, N.C., and William M. Dreyer, The Coca–Cola Co., Legal Div., Atlanta, Ga., for defendants.

## ORDER

McMILLAN, District Judge.

Tempers are rising over the search for summary judgment as a method of simplifying decision of this case.

The stack of briefs and papers generated in the past three months on the issue of *summary judgment,* that panacea which counsel solemnly claimed would reveal the "undisputed" facts, is more than three feet thick. These papers bustle with dispute and controversy. These papers are about half the volume of all the papers filed thus far.

The stack is nearly two-thirds the thickness of Dr. Elliot's famous "Five Foot shelf" of books, which contained a lot of information on many subjects. Placed on a low table, they extend above the head of Cindy Schwartz, the 5'-2" deputy clerk shown in the photograph. (The ruler illustrated in the photograph is eighteen inches long; most of the papers are 8½" × 11".) The undisputed facts in that mountain of words are few and far between. The material facts seem to be in hot, and probably genuine dispute.

In the battle of manpower, the volume of paper which a modern law firm can produce is often greater than a busy district judge can read and evaluate with care. Not since Hercules has a mortal man been able to do the impossible where volume of output is concerned. Advocacy is calling attention to information and understanding, not the spewing out of numberless words, even though the individual sentences where those words appear may obey the rules of grammar, syntax, relevance, order and even clarity.

Summary judgment is not a vehicle for the resolution of disputed questions of fact.

■ Statements by lawyers are not facts, even though they call themselves statements of undisputed facts.

I will not referee a swearing match among unsworn lawyers about what their files contain.

■ The impression I presently have is that to a large degree the motions for summary judgment depend substantially upon the court's taking the lawyers' *interpretations* of *proposed* facts as correct, rather than upon the lack of a genuine *issue* of fact.

IT IS THEREFORE ORDERED:

1. The plaintiff is directed to file by March 21, 1988, a statement of *undisputed*

*material* facts either expressly *admitted* or *sworn to and undisputed on the record,* not exceeding ten (10) pages.

2. Each group of defendants is directed to file by March 21, 1988, a statement of *undisputed material* facts either expressly *admitted* or *sworn to and undisputed on the record,* not exceeding ten (10) pages.

3. These statements should not contain any argument and should refer, for each alleged "undisputed" fact, to the document and page of that document in the file of the court which is *uncontradicted competent evidence* or *admission* of the alleged undisputed fact.

4. The references should be not simply to a document by name or description, but to the document by its court file number and its correct title or description and to the page and paragraph of that document from which the undisputed fact is derived.

5. All counsel will meet and make a serious effort to agree on *and sign a written agreement* on the facts necessary to decide the summary judgment motions.

6. Unless counsel comply with this order by March 21, 1988, the court will rule on all motions without further hearing.

7. If counsel do so comply, the motions will be heard on April 18, 1988, at 10:00 a.m., in Charlotte.